```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND
```

|                              |   |                                 |
|------------------------------|---|---------------------------------|
| TYRONE JONES                 | : |                                 |
|                              | : |                                 |
| v.                           | : | Civil Action No. DKC 24-3731    |
|                              | : |                                 |
| GLENDALE APARTMENT PROPERTIES LLC | : |                            |

**MEMORANDUM OPINION**

This is a putative class action brought by Plaintiff Tyrone Jones ("Plaintiff") pursuant to the Maryland Consumer Debt Collection Act ("MCDCA") and the Maryland Consumer Protection Act ("MCPA"), against Defendant Glendale Apartment Properties LLC ("Defendant"). Plaintiff, a tenant of an apartment Defendant allegedly manages, contends that Defendant collected rent without a collection agency license. Presently pending are the motion to dismiss filed by Defendant, (ECF No. 11), and Plaintiff's motion for leave to file a supplement based on a recent case, (ECF No. 15). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted, the motion for leave to file a supplement will be denied as moot, and Plaintiff will be provided an opportunity to file a motion for leave to amend.

**I. Background[1]**

    **A. Factual Background[2]**

Plaintiff "rented from Glendale Management Company from January 19, 2024, through the present," with "Glendale Management Company" acting as the management agent. (ECF No. 3 ¶¶ 58–59).[3] He "signed a standard form lease provided to him and made his rent payments to the Glendale Management Company collecting for the owner." (*Id.* ¶ 60). Plaintiff alleges that "[a]s a proximate result of Glendale's illegal collection activities, [Plaintiff] and Class members suffered actual damages including but not limited to paying fees wrongfully charged." (*Id.* ¶ 64).

Plaintiff alleges that Defendant does business as a collection agency under Md. Code Ann., Bus. Reg. § 7-401(a) because Defendant threatens to sue, sues, and obtains judgments against or otherwise collects rent from tenants, including Plaintiff, on behalf of another. (*Id.* ¶¶ 35, 39–40). Plaintiff alleges that

---

[1] The following facts are set forth in the complaint and construed in the light most favorable to Plaintiff.

[2] The complaint is virtually devoid of concrete facts. As a result, this section consists largely of Plaintiff's conclusory allegations.

[3] Defendant clarified that "Glendale Management Company" does not exist, (ECF No. 11-1, at 4 n.2), and Plaintiff conceded this mistake in his opposition, (ECF No. 12, at 1 n.1). Instead, the entity Plaintiff refers to here is in fact Defendant, Glendale Apartment Properties LLC.

Defendant "has never obtained a license to collect debts, but has collected debts in Maryland for many years, directly or indirectly." (*Id.* ¶ 50). Additionally, Plaintiff alleges that Defendant "knew or acted with reckless disregard that it was required to have a license to act as a collection agency in the State of Maryland and it failed to obtain a license to act as [a] collection agency before seeking monies from Class Members." (*Id.* ¶ 89). Plaintiff further alleges that Defendant charges and collects late fees in violation of the MCPA. (*Id.* ¶¶ 41-45).

### B. Procedural Background

On November 14, 2024, Plaintiff filed a putative class action against Defendant in the Circuit Court for Prince George's County seeking declaratory and injunctive relief, restitution, and monetary damages under the MCDCA and MCPA. (ECF Nos. 1 ¶ 1; 3). The proposed class consists of "[a]ll residential tenants with an address in the State [of] Maryland that Glendale Management Company sought to collect from in the three years preceding the filing of the Complaint." (ECF No. 3 ¶ 65). On December 23, 2024, Defendant removed the case to this court, asserting diversity jurisdiction. (ECF No. 1 ¶ 4). On January 27, 2025, Defendant filed a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment. (ECF No. 11). On February 10, 2025, Plaintiff filed a response in opposition. (ECF

No. 12). On February 21, 2025, Plaintiff filed a motion for leave to file a supplement based on a recent case. (ECF No. 15). On March 3, 2025, Defendant filed a reply to Plaintiff's opposition. (ECF No. 16).

## II. Standard of Review

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The court "must accept the complaint's factual allegations as true and construe the facts in the light most favorable to the plaintiff." *Barnett v. Inova Health Care Servs.*, 125 F.4th 465, 469 (4th Cir. 2025) (citing *Barbour v. Garland*, 105 F.4th 579, 589 (4th Cir. 2024)). A plaintiff's complaint must only satisfy the standard of Fed.R.Civ.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed.R.Civ.P. 8(a)(2)). A Rule 8(a)(2) "showing" requires "stat[ing] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays v. Sprinkle*, 992 F.3d 295, 299-300 (4th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678).

Before reaching the merits of Defendant's 12(b)(6) motion to dismiss, the court must also assure itself that Plaintiff has standing. Defendant did not move to dismiss Plaintiff's complaint under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.[4] The court, however, has an independent duty to determine whether it possesses jurisdiction over the case. *Wells v. Johnson*, -- F.4th --, No. 24-cv-1829, 2025 WL 2315981, at *2 (4th Cir. Aug. 12, 2025) (published) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998)). "In making this assessment" at the motion to dismiss stage, the court "accept[s] all allegations in the complaint as true and construe[s] those allegations 'in the light most favorable to the plaintiff.'" *Buscemi v. Bell*, 964 F.3d 252, 258 (4th Cir. 2020) (quoting

---

[4] In its motion to dismiss, Defendant argues that Plaintiff "failed to plausibly allege any injury or damages." (ECF No. 11-1, at 17). Defendant makes this argument, however, in the context of Plaintiff's failure to allege the injury element of its claims under the MCDCA and MCPA. (*Id.* at 17–18). In other words, Defendant's argument is not jurisdictional but rather relates to whether Plaintiff has established all elements of his claims. Accordingly, this is not a situation in which the court could construe Defendant's motion to dismiss as a 12(b)(1) motion. *Cf. Cooper v. I.Q. Data Int'l, Inc.*, No. 24-cv-2120-RDB, 2025 WL 1827956, at *1 n.1 (D.Md. July 2, 2025) (construing a 12(b)(6) motion as a 12(b)(1) motion as well when the defendant "raise[d] standing as a jurisdictional issue" in the 12(b)(6) motion).

*Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017)).

**III. Standing for Plaintiff's Claims**

Article III standing is a threshold, jurisdictional requirement. *Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 6 F.3d 177, 188 (4th Cir. 1993) ("[S]tanding is a threshold, jurisdictional issue, and courts should attempt to resolve such issues as soon as possible."). The standing requirement consists of three elements.

> To establish standing, a plaintiff bears the burden of establishing: (1) an injury in fact that is concrete, particularized, and actual or imminent; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014).

*Straubmuller v. Jetblue Airways Corp.*, No. 23-cv-384-DKC, 2023 WL 5671615, at *2 (D.Md. Sep. 1, 2023). In the class action context, the Supreme Court of the United States has noted that the suit's class action nature "adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other unidentified members of the class to which they belong and which they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (citation modified) (quoting *Simon v. E. Ky.*

6

*Welfare Rts. Org.*, 426 U.S. 26, 40 n.20 (1976)).  A plaintiff must demonstrate standing for each individual claim for relief.  *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).

Plaintiff sets forth various claims for relief.  In Count One, he seeks declaratory, injunctive, and ancillary relief (disgorgement) regarding "unenforceable judgments" Defendant has obtained against Plaintiff and Class Members by collecting from them without a license in alleged violation of the MCDCA and the MCPA.[5]  (ECF No. 3 ¶¶ 80-86).  In Count Two, Plaintiff pursues a claim of unjust enrichment against Defendant, seeking disgorgement of the money Defendant collected from him and Class Members in alleged violation of the MCDCA and the MCPA, as well as any advantage it has gained through that money.  (*Id.* ¶¶ 87-93).  In Count Three, Plaintiff demands damages under the MCDCA and the MCPA for Defendant's alleged violations of those statutes.  (*Id.* ¶¶ 94-111).  In Count Four, Plaintiff requests declaratory and injunctive relief regarding the alleged illegal lease provisions.  Finally, Plaintiff asks for attorney's fees in Count Five.  (*Id.* ¶ 116).  All fail for lack of standing.

---

[5] Plaintiff also requests additional relief in Count One that duplicates the relief he requests in Count Four. (*Compare* ECF No. 3 ¶¶ 83, 86, *with id.* ¶¶ 113-15).

**A.   Injury in Fact**

To satisfy the injury in fact requirement, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  Importantly, "a plaintiff cannot automatically satisfy the injury in fact requirement whenever there is a statutory violation." *Straubmuller*, 2023 WL 5671615, at *2 (citing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021)).  A mere statutory violation is not a concrete harm. *See TransUnion*, 141 S. Ct. at 2205.  As the Court put it succinctly, "under Article III, an injury in law is not an injury in fact." *Id.*

In Counts Two and Three, Plaintiff fails to establish an injury in fact because he does not allege sufficient factual content to support his bare assertions of injury.  When describing his injury, Plaintiff states only that "[a]s a proximate result of Glendale's illegal collection activities, Jones . . . suffered actual damages including but not limited to paying fees wrongfully charged," (ECF No. 3 ¶ 64), along with "money paid to the Defendant, out of pocket losses in the form of moneys collected and attorney's fees paid or incurred," (*Id.* ¶ 110).  Those "illegal

8

collection activities" allegedly consist of two principal violations. First, Defendant allegedly "act[ed] as a debt collector without a license" in violation of the MCDCA and MCPA. (*Id.* ¶¶ 99, 109). Second, Defendant allegedly "collected money from Plaintiff . . . based on illegal lease provisions" in violation of the MCDCA and MCPA. (*Id.* ¶ 98). Plaintiff focuses on the late fee provision, which authorizes the charging of late fees before fifteen days after rent is due, in alleged violation of Maryland law. (*Id.* ¶¶ 19-20 (citing Md. Code Ann., Com. Law § 14-1315; Md. Code Ann., Real Prop. § 8-208(d)(2)). Plaintiff does not pair a sufficiently concrete harm he personally suffered with either alleged statutory violation.

Judges in this district have found that Plaintiff's first alleged violation, namely that Defendant collected from Plaintiff without a license, fails: merely voluntarily paying rent to a landlord lacking a statutorily required license does not amount to an injury. In *Zambali v. Shulman Rogers, P.A.*, Judge Gallagher explained that the tenant:

> still owed a rental debt to his landlord, but if the landlord was unlicensed, the landlord could not use Maryland courts to collect that debt. During an unlicensed period, tenants may continue to make voluntary payments and tenants cannot recover these payments from the landlord. Nothing prevents a landlord from asking tenants to make voluntary payments during an unlicensed period, but if the

9

>     tenants refuse to pay, the landlord cannot use
>     the Maryland courts to force the payments to
>     be made.

No. 23-cv-03194-SAG, 2024 WL 3161590, at *6 (D.Md. June 25, 2024); *see also Exum v. Kane*, No. 24-cv-1425-DKC, 2025 WL 834014, at *5 (D.Md. Mar. 17, 2025).  Here, Plaintiff does not allege a particular instance in which he refused to pay Defendant and Defendant then attempted to force the payment through the Maryland court system.  Without any factual content to support the bare assertion that Defendant collected from him, Plaintiff does not provide the court with enough information to discern a plausible, concrete injury.

With respect to the second violation, Plaintiff does not plead an injury at all.  Plaintiff's allegation that Defendant "collect[ed], directly or indirectly, from the Plaintiff and others including improper late fees" (ECF No. 3 ¶ 57) is far too conclusory.  Plaintiff does not allege a particular instance in which Defendant charged him a late fee, nor does he allege how many days after rent was due that Defendant charged him a late fee or how many days after rent was due that Plaintiff paid a late fee.  Thus, Plaintiff does not provide the court with enough information to discern whether Plaintiff ever paid or was charged a late fee before fifteen days after rent was due.  Accordingly, Plaintiff does not allege a concrete injury.

10

In Count One, Plaintiff does not plead an injury because he fails to identify a single judgment that Defendant has obtained against him.  Plaintiff alleges that "Glendale improperly, directly or indirectly, files actions in Maryland courts to obtain judgments against the Named Plaintiff and the Class Members," (*Id.* ¶ 40), and that "Plaintiff and the Class were harmed when Glendale, while operating as a debt collection agency, directly or indirectly, without the required license, threatened lawsuits[] [and] obtained judgments against them," (*Id.* ¶ 57).  As with his other allegations, these assertions are too conclusory to allow the court to assess the existence and nature of those judgments.

Finally, Plaintiff does not establish in Counts One and Four that Defendant will imminently enforce the allegedly illegal lease provisions against him, either.  "'[A]llegations of possible future injury' are insufficient."  *Buscemi*, 964 F.3d at 259 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)).  There are no facts in the complaint to justify the inference that Defendant will imminently enforce the illegal lease provisions against him; the fact that such enforcement is merely possible is not enough.  Also, although prior enforcement can establish a threat of imminent enforcement, *cf. id.* (citing *Abbott v. Pastides*, 900 F.3d 160, 176 (4th Cir. 2018) (showing prior enforcement of a statute can raise the inference of future enforcement)), Plaintiff

11

does not give concrete instances of enforcement to justify any such inference.

### B. Causation

To show causation, a plaintiff must allege "a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (citation modified). Although at this stage a plaintiff's "burden is relatively modest," "a plaintiff's injury is not fairly traceable to the defendant's action if the plaintiff independently caused his own injury." *DiCicco v. Garland*, 52 F.4th 588, 592 (4th Cir. 2022) (citation modified).

Plaintiff attempts to allege causation by asserting that his damages are "a proximate result of Glendale's illegal collection activities," (ECF No. 3 ¶ 64), but his complaint does not otherwise support that assertion. Judge Gallagher's analysis in *Zambali* is again instructive:

> The then-Maryland Court of Appeals (now, the Maryland Supreme Court) held that "a landlord may not file an action against a tenant to recover unpaid rent that is attributable to the period when the property was not licensed." *Assanah-Carroll v. Law Offs. of Edward J. Maher, P.C.*, [480 Md. 394, 401 (2022)]. If a landlord files an action against a tenant to recover unpaid rent incurred during an unlicensed period, the

12

> "tenant may have a claim under the MCDCA and MCPA *to the extent that the landlord's unlawful collection activity caused the tenant to suffer damages.*" *Id.* (emphasis added). Damages include "rent payments made *in response to* the landlord's attempts to collect the unpaid rent." *Id.* (emphasis added).

2024 WL 3161590, at *4. In *Zambali*, the court held that the Plaintiff did not establish causation because the defendant dropped the two lawsuits it filed against the plaintiff and the plaintiff did not allege that he suffered an injury because of those lawsuits. *Id.* Here, causation is even weaker because Plaintiff does not allege facts tracing his "injury" to any particular lawsuit Defendant filed against him at all. *See Exum*, 2025 WL 834014, at *6. Accordingly, there are not enough facts on the face of the complaint to establish causation due to Defendant's activity as an allegedly unlicensed collection agency.

Causation likewise poses an insurmountable hurdle for Plaintiff's asserted injury from enforcement of the allegedly illegal lease provisions. Plaintiff never alleges that he paid or was charged late fees before fifteen days after rent was due. Instead, he asserts that his lease contained the allegedly illegal provision and that he paid late fees to the Defendant. Had Defendant first charged him late fees on the sixteenth day after rent was due despite the lease provision, the lease provision would not have caused Plaintiff's asserted injury. His failure to

13

explain how and when Defendant charged him late fees dooms any causal link he hopes to establish.

### C. Redressability

To satisfy the redressability requirement, a plaintiff must establish that "the court has the power to grant the plaintiff's requested relief, and that such relief would redress the plaintiff's injury." *Buscemi*, 964 F.3d at 259 (citing, *inter alia*, *K.C. ex rel. Africa H. v. Shipman*, 716 F.3d 107, 116–17 (4th Cir. 2013)). When determining whether a plaintiff has satisfied this requirement, the court "assume[s] that [the] plaintiff's claim has legal merit." *Id.* (quoting *M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018)).

Plaintiff seeks relief in the form of money damages, disgorgement, declaratory relief, and injunctive relief. He meets the redressability requirement only as to money damages and some of his requests for declaratory and injunctive relief.

In Counts Two and Three, Plaintiff meets the redressability requirement by requesting a money judgment for Defendant's violations of the MCDCA and the MCPA. (ECF No. 3 ¶¶ 93, 111). Assuming these claims are meritorious, a money judgment would satisfy the redressability requirement because they are within the court's power to grant and would redress Plaintiff's injury by

14

compensating him for the rent and late fees he allegedly paid to Defendant.

In Counts One and Two, Plaintiff fails the redressability requirement on his request for disgorgement. (*Id.* ¶¶ 86, 93). The then-Maryland Court of Appeals (now, the Maryland Supreme Court) has held that the disgorgement remedy is unavailable to private plaintiffs for violations of the MCPA because the MCPA's statutory structure reserves that remedy to the Attorney General and Consumer Protection Division. *See Assanah-Carroll*, 480 Md. at 413. Although the *Assanah-Carroll* court did not determine whether the MCDCA permits a private remedy for disgorgement, its logic indicates the MCDCA likewise bars such a remedy. The court juxtaposed the private remedy of civil damages with the more public remedy of disgorgement, noting that "disgorgement is not in the nature of civil damages." *Id.* (citing *Linton v. Consumer Prot. Div.*, 467 Md. 502, 519-20 (2020)). Because the MCDCA authorizes only a civil damages remedy, Md. Code Ann., Com. Law § 14-203, it likely bars a private disgorgement remedy, too. Accordingly, the court lacks the power to grant disgorgement to a private plaintiff suing for violations of the MCPA and MCDCA.

Plaintiff's request for disgorgement and his requests in Count One for declaratory and injunctive relief regarding judgments Defendant has obtained against him (ECF No. 3 ¶¶ 81-82)

also fail the redressability requirement for a simpler reason: "[D]eclaratory and injunctive relief is unavailable [to private plaintiffs] under the . . . MCDCA[] [and] the MCPA." *Bradshaw v. Hilco Receivables, LLC*, 765 F.Supp.2d 719, 733 (D.Md. 2011); *Hauk v. LVNV Funding, LLC*, 749 F.Supp.2d 358, 369 (D.Md. 2010). Thus, the court lacks the power to grant him this form of relief.[6]

In Counts One and Four, Plaintiff's request for declaratory and injunctive relief regarding Defendant's enforcement of allegedly illegal lease provisions (ECF No. 3 ¶¶ 83, 86, 113-15) might satisfy the redressability requirement.[7] The preclusive

---

[6] Plaintiff's request for declaratory and injunctive relief in Count One fails for another reason: It amounts to an improper collateral attack on final judgments. It is a fundamental principle in American law that federal courts must give final judgments full faith and credit unless the courts rendering those judgments lacked jurisdiction. 28 U.S.C. § 1738; *Baker v. Gen. Motors Corp.*, 522 U.S. 222, 233 (1998) ("A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land."). Maryland state courts are courts of general jurisdiction, so their jurisdiction is "presumed unless disproved by extrinsic evidence, or by the record itself." *V.L. v. E.L.*, 577 U.S. 404, 407 (2016) (per curiam) (quoting *Milliken v. Meyer*, 311 U.S. 457, 462 (1940)). Assuming Defendant had obtained a judgment against Plaintiff, Plaintiff could collaterally attack that judgment in this proceeding only if the rendering court lacked jurisdiction. Plaintiff has made no effort to rebut the presumption of jurisdiction in any rendering court, so the court lacks the power to grant him relief from any judgments.

[7] Declaratory and injunctive relief for these allegedly illegal lease provisions is not automatically foreclosed by the statutory structure of the MCDCA and MCPA because at least some of these provisions fall under statutes other than the MCDCA and the

16

effect of a declaration that the lease provisions are illegal would remedy Plaintiff's injury of imminent enforcement, as would an injunction against their enforcement.

Because Plaintiff has not established at least two of the three elements of Article III standing on any of his claims for relief, the court lacks jurisdiction to hear all of them. Consequently, the court will dismiss all counts without prejudice.[8]

### IV. Opportunity to Move for Leave to Amend

Although Plaintiff has not made a proper motion to amend his complaint, the court will permit Plaintiff an opportunity to file a fulsome motion for leave to amend his complaint. Under Fed.R.Civ.P. 7(b), a plaintiff's request to amend the complaint should come in the form of a motion to amend.[9] The Fourth Circuit has held that a plaintiff's request for "leave to amend [made] only in a footnote of their response to Defendants' motion to dismiss" does not constitute a proper motion to amend. *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630–31 (4th Cir. 2008).

---

MCPA. (*See* ECF No. 3 ¶¶ 83, 114 (citing Md. Code Ann., Real Prop. § 8-208(d)(2)).

[8] Plaintiff also included Count Five in his complaint for attorney's fees. Given that the court dismisses his first four counts, Count Five is necessarily dismissed, too.

[9] Local Rule 103.6 further requires that a plaintiff attach a clean copy of the proposed amended complaint to the motion to amend along with an additional, redlined copy of the proposed amended complaint to clarify the changes made. Plaintiff did neither.

17

Defendant argues in its reply that Plaintiff failed to make a proper motion to amend by requesting leave to amend in three different places in his opposition. (ECF No. 16, at 14 (citing ECF No. 12, at 1 n.1, 10, 11)). Defendant is correct, under *Cozzarelli*, that such requests do not constitute a proper motion to amend due to their noncompliance with Fed.R.Civ.P. 7(b). Rather than deny leave to amend on that basis, however, the court will allow Plaintiff the opportunity to make a proper motion to amend.

Defendant also argues that the court should not grant Plaintiff leave to amend because "amendment would be futile in light of the fundamental deficiencies" in Plaintiff's complaint. (ECF No. 16, at 14-15 (quoting *Cozzarelli*, 549 F.3d at 630)). Until Plaintiff has supplied, or attempted to supply, concrete facts, the court cannot determine whether amendment necessarily would be futile.

## V.  Plaintiff's Motion to Supplement

Due to the court's grant of Defendant's motion to dismiss on standing grounds, and grant of an opportunity to move for leave to amend his complaint, Plaintiff's motion for leave to supplement his opposition to Defendant's motion to dismiss (ECF No. 15) is denied as moot. *E.g.*, *Glynn v. EDO Corp.*, 536 F.Supp.2d 595, 616-17 (D.Md. 2008).

**VI. Conclusion**

For the foregoing reasons, Defendant's motion to dismiss will be granted, Plaintiff's motion for leave to supplement will be denied, and Plaintiff will be provided twenty-one days to file a motion for leave to amend his complaint.  A separate order will follow.


                                              /s/
                              DEBORAH K. CHASANOW
                              United States District Judge